UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RITA POUNDS JACOBS | CIVIL ACTION NO. |
| VERSUS | JUDGE: |
| FRED'S STORES OF TENNESSEE, INC. | MAGISTRATE: |

### NOTICE OF REMOVAL

Defendant, Fred's Stores of Tennessee, Inc. ("Fred's"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal of the captioned action, ***Rita Pounds Jacobs versus Fred's Super Dollar Store, et al***, Docket No. 22,364, 20th Judicial District Court for the Parish of West Feliciana, State of Louisiana (the "State Court Suit"). In support of its Notice of Removal, Fred's Stores of Tennessee, Inc. respectfully represents:

1. On March 9, 2015, Rita Pounds Jacobs ("Plaintiff") commenced the captioned action by filing a Petition for Damages in state court. Fred's was served, via long arm service, when it received the citation in certified mail on March 19, 2015. A copy of all process, pleadings, and orders served upon defendant in the state court action are attached hereto as Exhibit "A".

2. The Petition filed in the State Court Action alleges that Plaintiff, Rita Pounds Jacobs, suffered injuries in Fred's while reaching for peanut butter when the stack of peanut butter fell, striking her in the head and face.

3. In the Petition, Plaintiff, Rita Pounds Jacobs, alleged to have suffered "Physical and Emotional Pain and suffering (Past, present and future), medical expenses (past, present and future), possible permanent disability, loss of enjoyment of life, diminution of earning capacity, economic loss and past wages, and other damages." The Petition also state Plaintiff "was

recommended to see a neurologist for injuries sustained to her head and treated for a broken nose."

4. Defendant does not admit the underlying facts as alleged by Plaintiff or as summarized above. Further, Defendant expressly denies that it has any liability to Plaintiff.

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because complete diversity exists between Defendant and Plaintiff and the amount in controversy is satisfied.

6. This Notice of Removal has been timely filed under 28 U.S.C. §1446(b).

## DIVERSITY JURISDICTION EXISTS PURSUANT TO SECTION 1332

A. *Complete Diversity Exists between Plaintiff and Defendant*

7. The Petition alleges that Plaintiff is a resident of and domiciled in St. Tammany Parish, State of Louisiana. (See Introductory Paragraph of Petition).

8. Defendant, Fred's Store of Tennessee, Inc., is a foreign corporation incorporated in the State of Tennessee with its principal place of business in Memphis, Tennessee.

9. Accordingly, there is complete diversity between the Defendant and the Plaintiff.

B. *The Amount in Controversy Exceeds the Requisite $75,000*

10. Also, because Plaintiff's state-court petition does not include an allegation of the amount of damages to establish the "lack of jurisdiction of federal courts due to insufficiency of damages," as required by La. Code Civ. Proc. art. 893, there is a "'strong presumption' in favor of [federal diversity] jurisdiction." *Bruce v. Fisher*, No. 86-0840, 2006 U.S. Dist. LEXIS 64032 at p. 4 (W.D. La. 2004); *see also Crocket v. Wal-Mart Louisiana, L.L.C.*, 2006 U.S. Dist. LEXIS 48227 (W.D. La. 2006); *Noel v. Target Corp. of Minn.*, 2006 U.S. Dist. LEXIS 46052 (W.D. La. 2006). This deficiency in the state-court petition makes it "'facially apparent' that the amount in

controversy exceeded $75,000 at the time of removal." *Bruce* 2006 U.S. Dist. LEXIS at 4. (citing *Simon v. Wal-Mart Stores, Inc*, 193 F.3d 848, 850 (5th Cir. 1999)).

11. Prior to filing this removal, Defendant provided Plaintiff with a draft of a stipulation that the amount sought by Plaintiff in her Petition was less than $75,000.00. Defendant was advised that Plaintiff would not enter into such a stipulation. Based on the allegations regarding Ms. Jacob's injuries in the Petition, at this stage of discovery, it is reasonable for Defendant to presume—in the absence of any statement or stipulation to the contrary—that the amount sought by Plaintiffs exceeds the sum of $75,000.00, exclusive of interest and costs.

12. Because there is complete diversity of citizenship between the Plaintiff and Defendant and the alleged amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, federal subject matter jurisdiction exists under 28 U.S.C. §1332.

13. Moreover, Defendant has filed the a Notice of Filing of Notice of Removal in the State Court Suit, attached hereto as Exhibit B.

**WHEREFORE,** defendant, Fred's Stores of Tennessee, Inc. hereby provides notice that this action is duly removed.

By Attorneys:

/s/ *C. Parker Kilgore*
C. Parker Kilgore (La. Bar No. 31219)
W. Thomas McCall, Jr. (Bar #35234)
Justin J. Marocco (Bar #35226)
JONES WALKER, L.L.P.
Four United Plaza, Fifth Floor
8555 United Plaza Boulevard
Baton Rouge, Louisiana  70809-7000
Telephone: (225) 248-2181
Fax: (225) 248-3181
pkilgore@joneswalker.com
*Counsel for Fred's Stores of Tennessee, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above pleadings has been served on counsel of record via U.S. Mail, postage prepaid to the address below, and via electronic mail on this 15th day of April, 2015.

Timothy F. Upton
The Upton Law Firm, L.L.C.
304 East Boston Street
Covington, LA 70433


                                                             /s/ *C. Parker Kilgore*