# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RITA POUNDS JACOBS**                     **CIVIL ACTION**

**VERSUS**                                          **NO. 15-234-BAJ-RLB**

**FRED'S STORES OF TENNESSEE, INC.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 30, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RITA POUNDS JACOBS                    CIVIL ACTION

VERSUS                                   NO. 15-234-BAJ-RLB

FRED'S STORES OF TENNESSEE, INC.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 4). The motion is opposed. (R. Doc. 5). Based on the applicable law and the analysis which follows, the Motion to Remand should be granted.

## I. Background

Rita Pounds Jacobs ("Plaintiff") filed this personal injury suit on March 9, 2015, in the 20th Judicial District Court of West Feliciana Parish, Louisiana, naming as defendant Fred's Stores of Tennessee, Inc. ("Defendant"). (R. Doc. 1-1). Plaintiff alleges that on January 3, 2015, while shopping at Defendant's Super Dollar Store, she was reaching to retrieve a jar of peanut butter and a stack of jars fell and struck her in the head and face. (R. Doc. 1-1 at 2). Plaintiff alleges that she sustained personal injuries including "soreness to her eyes, nose, both face cheeks, head, and brain." (R. Doc. 1-1 at 2). Plaintiff sought medical treatment at a hospital, was treated for a broken nose, and was recommended to see a neurologist for her alleged head injuries. (R. Doc. 1-1 at 2). Plaintiff does not indicate in the Petition, however, whether she ultimately sought treatment and was diagnosed by a neurologist. Plaintiff seeks to recover for various damages, including past, present, and future physical and emotional pain and suffering, medical expenses, possible permanent disability, loss of enjoyment of life, diminution of earning capacity, economic loss and past wages, and other damages. (R. Doc. 1-1 at 3).

On April 15, 2015, Defendant removed the action alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1 at 2). Defendant alleges that it is a citizen of Tennessee, and is therefore diverse from Plaintiff, a citizen of Louisiana. (R. Doc. 1 at 2). Defendant further alleges the amount in controversy requirement is satisfied based on the allegations in the Petition. (R. Doc. 1 at 3).

On April 30, 2015, Plaintiff filed the instant Motion to Remand on the basis that the amount in controversy requirement is not satisfied. (R. Doc. 4).

## II.    Arguments of the Parties

Plaintiff claims that Defendant has failed to meet its burden of proving that the damages in the case exceed $75,000. (R. Doc. 4-2 at 3). Plaintiff argues that the Defendant fails to provide any specific nature of the injuries or any information relative to the treatment being administered to the Plaintiff. (R. Doc. 4-2 at 3). Plaintiff notes that she "is still treating for her injuries sustained," but provides no details regarding this treatment. (R. Doc. 4-2 at 2).

In opposition, Defendant argues that the amount in controversy exceeded $75,000 at the time of removal. First, Defendant argues that Plaintiff's failure to allege in the Petition that her claims did not exceed the jurisdictional amount creates a "strong presumption" in favor of jurisdiction. (R. Doc. 5 at 3). Second, Defendant argues that Plaintiff's failure to stipulate prior to removal that the jurisdictional amount is not satisfied supports a finding that the amount in controversy is satisfied. (R. Doc. 5 at 3). Defendant submits correspondence between the parties to evidence this refusal to stipulate. (R. Doc. 5-1). Lastly, Defendant argues that the categories of damages alleged by Plaintiff, in addition to Plaintiff's statement that she is continuing treatment, support a finding that the amount in controversy is satisfied. (R. Doc. 5 at 4).

III.    **Law and Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that

the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

As the parties do not dispute that there is complete diversity, the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).  The Court will first consider whether it is facially apparent from the Petition that Plaintiff's claims likely exceed $75,000.  If not, the Court will then consider whether Plaintiff's failure to stipulate that the amount in controversy is under the jurisdictional minimum, or any other evidence offered by the Defendant, sufficiently clarified that the jurisdictional minimum was satisfied at the time of removal.

### A.    Whether the Jurisdictional Minimum is Facially Apparent

Plaintiff claims to have sustained injuries to her head and face when a stack of peanut butter jars fell while she was reaching for one.  She was recommended to see a neurologist for injuries sustained to her head and treated for a broken nose. (R. Doc. 1-1 at 2).  Plaintiff alleges that she sustained personal injuries including "soreness to her eyes, nose, both face cheeks, head, and brain." (R. Doc. 1-1 at 2).  Plaintiff seeks recovery for "physical and emotional pain and suffering (past, present, and future), medical expenses (past, present, and future), possible permanent disability, loss of enjoyment of life, diminution of earning capacity, economic loss and past wages, and other damages." (R. Doc. 1-1 at 3).

The Petition does not provide sufficient facts for determining the severity of Plaintiff's injuries.  Plaintiff alleges various broad categories of damages commonly alleged in personal

injury actions. The sole specific injury alleged is that of a broken nose, recovery for which alone cannot support the amount in controversy requirement. *See Tomlinson v. Liberty Ins. Corp.*, No. 11-01949, 2012 WL 3257875, at *2 (W.D. La. Aug. 7, 2012) (amount in controversy requirement of $75,000 not satisfied where plaintiff sustained a broken nose and incurred medical expenses of approximately $9,000); *Pajchl v. All Risk Ins. Co.*, No. 96-0746, 1996 WL 586367, at *1 (E.D. La. Oct. 9, 1996) (amount in controversy requirement of $50,000 not satisfied where plaintiff suffered "primarily a broken nose, cheek and wrist" as a result of a slip and fall); *Armstrong v. City of New Orleans*, 806 So. 2d 690, 694 (La. App. 4th Cir. 2001) (awarding $4,000 general damages for a broken nose); *Babb v. Boney*, 710 So. 2d 1132, 1137 (La. App. 2nd Cir. 1998) (awarding $20,000 in general damages for broken nose and two jaw fractures, including an open fracture). Plaintiff's vague allegation of "soreness to her eyes, nose, both face cheeks, head, and brain," given the context of the incident, indicates little more than a headache and potential soft tissue damage beyond the broken nose. There is no allegation that Plaintiff has suffered a concussion or more serious head injury. There is no allegation that Plaintiff has seen a neurologist who has diagnosed her with having a concussion or more serious head injury. In the absence of additional factual assertions by Plaintiff regarding the extent or nature of the actual physical injuries suffered, the Petition does not provide enough information for the court to conclude that the amount in controversy is facially apparent. *See Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999).

That the Petition does not state, as required by Louisiana Code of Civil Procedure article 893(A)(1), that the damages sought are less than the requisite amount to establish jurisdiction in federal court is a factor that the court can consider. The absence of such a statement, although not alone determinative, may be considered in determining whether the amount in controversy is

satisfied. *Johnson v. Macy's Dep't Store*, No. 14-226, 2014 WL 5822788, at *4 (M.D. La. Nov. 10, 2014) (citing *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007)).[1]  Here, given the vague allegations in the Petition and the absence of any significant injuries alleged by plaintiff—be it physical, emotional, or economic—the Court places little weight on this omission in the Petition.

Based on the foregoing, the Court concludes that the amount in controversy is not facially apparent.

### B. Whether the Ambiguity Regarding the Jurisdictional Amount at the Time of Removal Has Been Clarified

Because the amount in controversy is not facially apparent, the Court must determine whether the ambiguity regarding the jurisdictional amount at the time of removal has been clarified through the submission of facts in controversy or summary judgment-type evidence.

The only additional evidence outside of the Petition submitted by Defendant is evidence of Plaintiff's refusal to stipulate that the amount in controversy was less than $75,000. (R. Doc. 5-1 at 1).  Plaintiff did not have a legal obligation to sign Defendant's stipulation "and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000." *Lipford v. Boehringer Ingelheim Pharm., Inc.,* No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014).  Such a refusal "is but one factor for the court to consider." *Id.*

---

[1] Defendant relies on a decision providing that failure to include an allegation that a Louisiana state court suit is less than the jurisdictional minimum for federal jurisdiction, results in a "strong presumption" in favor of jurisdiction. *See Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006).  The use of such a presumption has been criticized by another district within the Circuit, noting that in light of the requirement that federal courts "construe jurisdictional statutes and resolve ambiguities in favor of remand" a plaintiff's silence in a petition cannot create federal jurisdiction.  *See  Berthelot v. Scottsdale Ins. Co.*, No. 06-9531, 2007 WL 716126, at *2 (E.D. La. Mar. 6, 2007).

Here, in the absence of any other evidence regarding the satisfaction of the amount in controversy requirement, the refusal to sign Defendant's proposed stipulation is not sufficient to find that Defendant has met its burden. To find otherwise would make the refusal to sign such a stipulation determinative of jurisdiction in any case where personal injury damages are alleged and the amount in controversy is not facially apparent. Defendant has not submitted any summary-judgment type evidence regarding Plaintiff's ongoing treatment, much less the extent and costs of such treatment. Moreover, Defendant has not submitted any evidence that Plaintiff has or will suffer from damages that will likely exceed the amount in controversy requirement. Accordingly, Defendant has not proven that Plaintiff's claims exceed the jurisdictional requirement.

## IV. Conclusion

Defendant has not met its burden of providing that the amount in controversy requirement is satisfied, and that the Court has subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand should be **GRANTED**, and the action be **REMANDED** to the 20th Judicial District Court of West Feliciana Parish, Louisiana. It is recommended that each party bear their own costs in bringing and opposing the motion.

Signed in Baton Rouge, Louisiana, on June 30, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**